**Dismissed and Opinion Filed March 1, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00911-CR**

**No. 05-23-00914-CR**

**No. 05-23-00915-CR**

**JOSE CALVILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-11642, F23-54535, F20-60677**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Before the Court is appellant's counsel's Suggestion that Some of These Cases Are Not Properly Filed. Appellant's counsel states that cause numbers 05-23-00911-CR, 05-23-00914-CR, and 05-23-00915-CR are appeals from plea bargained convictions and appellant does not have a right of appeal. We dismiss these appeals.

**05-23-00914-CR**

In cause number 05-23-00914-CR, appellant was indicted for possession with intent to deliver one gram or more but less than four grams of fentanyl, a second

degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.1123(c). Appellant pleaded guilty pursuant to a plea bargain. The trial court followed the State's recommended punishment and sentenced appellant to six years' imprisonment. The plea agreement contained an admonition that "[i]f the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial." The plea agreement included a provision stating appellant "[w]aives the right to appeal to the Court of Appeals." The trial court's certification of defendant's right of appeal states the case "is a plea-bargain case, and the defendant has no right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process,"

–2–

*Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In this case, the record shows appellant and the State agreed appellant would plead guilty in exchange for a specific recommended punishment, six years' imprisonment. The documents appellant signed admonished appellant he would have no right of appeal if the trial court followed the punishment recommendation except for matters raised by written motion before trial or if the trial court granted appellant permission to appeal.

The trial court sentenced appellant to the agreed punishment, six years' imprisonment. The clerk's record does not contain any motion ruled on before trial, and the certification of appellant's right of appeal shows the trial court did not grant appellant permission to appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification affirmatively shows appellant did not have

the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

## 05-23-00911-CR & 05-23-00915-CR

In cause number 05-23-00911-CR, appellant was indicted for assault on emergency services personnel, a third degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(5). Appellant pleaded guilty pursuant to a plea bargain, and the trial court deferred adjudication of appellant's guilt and placed him on community supervision for three years.

In cause number 05-23-00915-CR, appellant was charged by information with possession with intent to deliver one gram or more but less than four grams of heroin, a second degree felony.[1] *See* HEALTH § 481.112(c). Appellant pleaded guilty pursuant to a plea bargain, and the trial court deferred adjudication of appellant's guilt and placed him on community supervision for three years.

The State moved to revoke appellant's community supervision and adjudicate his guilt in both cases. Pursuant to a plea agreement in each case, appellant pleaded true to the allegations in the motion to revoke and adjudicate and the State recommended a sentence of six years' confinement in the penitentiary. The agreements included a waiver of appellant's right of appeal: "I understand that I

---

[1] In the plea agreement for this case, appellant waived the right to be charged by an indictment returned by a grand jury, and he agreed to be tried on an information.

–4–

have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal." The trial court adjudicated appellant guilty of the offenses and sentenced him to six years' imprisonment. The trial court signed certifications of defendant's right of appeal, certifying that the case "is a plea-bargain case, and the defendant has NO right of appeal."

Rule 25.2(a)'s restrictions on the right of appeal do not apply to appeals from a judgment on a motion to adjudicate guilt. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) ("when the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal"). However, a defendant who enters into a new plea bargain agreement with respect to the subsequently filed motion to adjudicate guilt may waive his right to appeal. A pretrial or presentencing waiver of the right to appeal is binding if the waiver is made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006). If the actual punishment is determined by the plea agreement when the waiver is made, the waiver is knowingly and intelligently made. *Id.*

Here, after the State filed the motions to revoke and adjudicate, appellant entered into a new plea bargain in each case in which the State recommended a sentence of six years in exchange for appellant's pleas of true and waiver of his right

of appeal. Under these circumstances, appellant has waived his right of appeal. Accordingly, we lack jurisdiction over these appeals.

## CONCLUSION

In all three appeals, appellant waived the right of appeal. Additionally, in cause number 05-23-00914-CR, appellant's appeal is barred by Rule of Appellate Procedure 25.2(a). Accordingly, we dismiss these appeals for want of jurisdiction.[2]

230911f.u05
230914f.u05
230915f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[2] This opinion does not affect appellant's two remaining appeals, cause numbers 05-23-00912-CR and 05-23-00913-CR. Those cases remain pending before this Court.

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE CALVILLO, Appellant

No. 05-23-00911-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-11642. Opinion delivered by Justice Pedersen, III. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 1st day of March, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE CALVILLO, Appellant

No. 05-23-00914-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F23-54535. Opinion delivered by Justice Pedersen, III. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 1st day of March, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE CALVILLO, Appellant

No. 05-23-00915-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F20-60677.
Opinion delivered by Justice Pedersen, III. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 1st day of March, 2024.